JOHN DOE

Email: PBA-Hater@protonmail.com

*Pro se*



IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University,<br><br>    Plaintiff,<br><br>vs.<br><br>John Doe aka "asu_covid.parties", an individual, and Facebook, Inc., a Delaware corporation,<br><br>    Defendants. | Case No.: 2:20-cv-01638-DWL<br><br><br><br>**JOHN DOE'S ANSWER AND OBJECTION TO TRO & INJUNCTION**<br><br><br>**(JURY TRIAL DEMANDED)** |

## A. ADMISSIONS & DENIALS

Defendant admits the allegations in paragraph numbers 25, 26, 29, 35.

Defendant denies the allegations in paragraph numbers 24, 30, 31, 36, 47 – 57, and 65 – 74.

JOHN DOE'S ANSWER & OBJECTION - 1

Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph numbers 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 37 – 45, 58 – 64,

Defendant admits that ASU regularly maintains an events page on its website to promote certain events, but denies the remaining allegations in paragraph 21.

Defendant admits that an Instagram account "asu_covid.parties" was created, but denies the remaining allegations in paragraph 22.

Defendant admits that an Instagram message was posted (as per the screen shot), but denies the remaining allegations in paragraph 27.

Defendant admits that wearing masks is a total fucking joke / FAKE NEWS and that mask restrictions do not work (as per Gov. Ducey as evidenced by the July 13, 2020, AZ Republic news story "Photo shows Ducey at party with no masks and no social distancing; Governor's Office claims 'smear attack'"), but denies the remaining allegations in paragraph 28.

Defendant admits to having engaged in a series of offensive statements about ASU, but denies the remaining allegations in paragraph 32 (so suck it!).

Defendant admits that an Instagram message was posted (as per the screen shot), but denies the remaining allegations in paragraph 33 – 34.[1]

---

[1]    If you're too fucking stupid to recognize parody and hyperbole (which is protected by the 1st Amendment), that's your fucking problem and maybe you need to hire much better lawyers than the dumbasses at BACAL LAW GROUP, P.C (which I heard is run by a bunch of drug-addled *QAnon* loving pedophiles more interested in sucking the

JOHN DOE'S ANSWER & OBJECTION - 2

## B. DEFENSES & AFFIRMATIVE DEFENSES / OBJECTIONS TO TRO & INJUNCTIVE RELIEF

> "Speech is powerful. It can stir people to action, move them to tears of both joy and sorrow, and – as it did here – inflict great pain. On the facts before us, we cannot react to that pain by punishing the speaker. As a Nation we have chosen a different course – to protect even hurtful speech on public issues to ensure that we do not stifle public debate."

U.S. Supreme Court Chief Justice John Robert, *Snyder v. Phelps*, 562 U.S. 443 (2011).

Defendant is not liable to plaintiff because plaintiff and its organization is a public figure / public official and fails to plead actual malice with regards to any alleged defamatory statements.

Defendant is not liable to plaintiff because he is engaging in noncommercial political speech regarding public officials / public entities involved in matters of a public concern; thus, enjoying the fullest of First Amendment protections.

Defendant is not liable to plaintiff because defendant was entirely engaged in protected First Amendment activities and the Instagram account in question is clearly a parody engaged in rude, offensive, and hyperbolic behaviors.  Only a fundamentally

---

taxpayers dry with frivolous SLAPP litigation than in doing any actual legal work).  The 1st Amendment allows me to be as offensive as I want to be.  So suck it!

JOHN DOE'S ANSWER & OBJECTION - 3

stupid person who is wayyy beyond retarded would ever think that this was a legitimate ASU account posting legitimate ASU statements and information.

The constitutional principle overarching this case—which plaintiff either fails to understand or refuses to acknowledge—is that the First Amendment protects speech intended to cause embarrassment, insult, and outrage. *See* **Boos v. Barry**, 485 U.S. 312, 322 (1988) ("[C]itizens must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to the freedoms protected by the First Amendment."); **Hustler Magazine, Inc. v. Falwell**, 485 U.S. 46, 55 (1988) (noting the court's "longstanding refusal" to allow damages because speech may have an adverse emotional impact.) The First Amendment "may indeed serve its high purpose when it induces a condition of unrest … or even stirs people to anger." **Terminello v. City of Chicago**, 337 U.S. 1, 4 (1949).

Defendant is not liable to plaintiff because plaintiff ASU's President, Michael Crow, really is a Nazi!

Plaintiff claims that "these false and offensive posts are calculated to injure ASU's reputation and the goodwill associated with the famous ASU Marks." See Complaint at ¶36.

But defendant is entitled to hold—and to caustically express—his opinion that Führer Crow is "a person with extreme racist or authoritarian views," or "a person who

seeks to impose his views on others in a very autocratic or inflexible way"—a common meaning of the word "Nazi" in wide usage:

> **NOUN** (nazis)
>
> 1 *historical* A member of the National Socialist German Workers' Party.
>
> > The Nazi Party was formed in Munich after World War I. It advocated right-wing authoritarian nationalist government and developed a racist ideology based on anti-Semitism and a belief in the superiority of "Aryan" Germans. Its charismatic leader, Adolf Hitler, who was elected Chancellor in 1933, established a totalitarian dictatorship, rearmed Germany in support of expansionist foreign policies in central Europe, and thus precipitated World War II. The Nazi Party collapsed at the end of the war and was outlawed in Germany
>
> *'The term is a reference to the fascist counterrevolution, that which the Nazis called the National Revolution.'*
>
> + More example sentences
>
> 1.1 *derogatory* A person with extreme racist or authoritarian views.
>
> + More example sentences   + Synonyms
>
> 1.2 <u>A person who seeks to impose their views on others in a very autocratic or inflexible way.</u>
>
> *'I learned to be more open and not such a Nazi in the studio'*
>
> + More example sentences

Particularly apropos given the facts of the instant case is this:

> **We cannot curtail a speaker's First Amendment protection on the grounds that an otherwise permissible message might touch a nerve with an easily agitated audience.**

***Higgins v. Kentucky Sports Radio, LLC***, 951 F.3d 728, 738 (6th Cir. 2020), citing ***Snyder v. Phelps***, 562 U.S. 443, 454 (2011) (picketers' signs reading "God hates fags" and Fags doom nations" at a serviceman's funeral were protected speech.)

For those of you in Rio Linda, the internet is a "vast and often unpleasant place." ***Brintley v. Aeroquip Credit Union***, 936 F.3d 489, 494 (6th Cir 2019).

> **Those who step into the public limelight, even temporarily, must face the hazard that sometimes comes with it. Should they find a commentator's discussion of their foray into public life unsavory, they cannot easily "cry 'Foul!'"**

*Higgins*, 951 F.3d at 740, [citation omitted].

Führer Crow voluntarily stepped into the limelight. Doing so made him the fair subject of criticism. Crow can always resign and go back to chicken farming (or whatever it is that Nazis do when they are not busy plotting a 'final solution' while vacationing at Wannsee).

With regards to the claims involving trademark infringement / false designation of origin / false advertising / trademark dilution / unfair competition, defendant is not liable to plaintiff because defendant is engaged in fair use and fair comment, as well as noncommercial political speech. As the Court knows, in *Lenz v. Universal Music Corp.*, 801 F.3d 1126 (9th Cir. 2015), the United States Court of Appeals for the Ninth Circuit has held that copyright holders must consider fair use in good faith before issuing a takedown notice for content posted on the Internet.

Lenz argued that Universal was issuing takedown notices in bad faith, as they attempted to remove all Prince-related content rather than considering whether each posting violated copyright, and in particular was a non-infringing fair use.

==Importantly, the court viewed fair use not as a valid excuse to otherwise infringing conduct but rather as not infringement in the first place.==[2]

It stands to reason that the principals expressed in Lenz would also apply to the claims made in this case.

Defendant Facebook is not liable to plaintiff due to the immunities provided by Section 230 of the Communications Decency Act. This law is soooo well settled that it is incomprehensible that plaintiff's attorney would even bother to try to sue Facebook for contributory infringement. This claim shows beyond a shadow of a doubt that Glenn Bacal and Sean Garrison are a couple of thieving morons.

Further, plaintiff has no legal basis or standing for suing Facebook over alleged violations of its Terms of Service. See, e.g., *Mishiyev v. Alphabet, Inc.*, 2020 WL 1233843 (N.D. Cal. March 13, 2020) (user sues to enforce TOS regarding handling of DMCA complaints) and *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F. 3d 948, 961-62 (9th Cir. 2018) (violation of websites' TOS is not a criminal violation).

---

[2] Glenn S. Bacal and Sean Garrison are a couple of corrupt and very stupid lawyers who are just trying to scam the taxpayers of Arizona by grandstanding with this nonsense lawsuit so as to get publicity for themselves and their really shitty law firm, while at the same time driving up legal fees via this obvious SLAPP litigation. This lawsuit is complete **BULLSHIT** (to use a legal term).

JOHN DOE'S ANSWER & OBJECTION - 7

## C. IDENTITIES OF ANONYMOUS SPEAKERS IS PROTECTED BY 1ST AMENDMENT

There can be little doubt that the First Amendment protects against compelled identification of anonymous speakers. *Watchtower Bible and Tract Soc. of New York v. Village of Stratton*, 536 U.S. 150, 166-67 (2002); *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182 (1999).

> [A]n author is generally free to decide whether or not to disclose his or her true identity…. [A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.

*McIntyre v. Ohio Elections Comm.*, 514 U.S. 334, 341-42. (1995). "Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and dissent." *Id.* at 356. Thus, any attempt by plaintiff or this court to disclose the identity of the individuals behind this anonymous Instagram account would irreversibly amputate those authors' First Amendment rights.

It is also well-settled that anonymous speech on the Internet is afforded the same protections as anonymous "pamphleteering." *Reno v. ACLU*, 521 U.S. 844, 853 (1997); see also *ApolloMedia Corp. v. Reno*, 19 F. Supp. 1081 (N.D. Cal. 1998) (protecting anonymous denizens of www.annoy.com, a website "created and designed to annoy" legislators), aff'd by *ApolloMedia Corp. v. Reno*, 526 U.S. 1061 (1999). And since a court order constitutes state action, compelling *John Doe's* destruction of

JOHN DOE'S ANSWER & OBJECTION - 8

anonymity (either her/ his own or someone else's) is subject to constitutional limitations. *New York Times v. Sullivan*, 364 U.S. 254, 265 (1964). Compelled identification affects the First Amendment right of anonymous speakers to remain anonymous. Justification for an incursion upon that right requires proof of a compelling interest. *McIntyre*, 514 U.S. at 347. And beyond that, the restriction must also be narrowly tailored to serve that compelling interest. *Id.*

### D. CONDITIONS PRECEDENT

Plaintiff has not performed all conditions precedent that it was required to perform before filing suit. Defendant denies that plaintiff has complied with proper trademark registration or made the required notifications.

### E. JURY DEMAND

Defendant demands a trial by jury on all of the issues.

### F. PRAYER

Plaintiff Arizona Board of Regents / ASU can go fuck itself – seriously. They are all a bunch of thin-skinned, SLAPP happy morons.

> ***Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.***

JOHN DOE'S ANSWER & OBJECTION - 9

Should the Court desire a hearing on the matter, *John Doe* asks that it be done in such a manner so as to preserve her / his anonymity with the understanding that it would be totally impossible for her / him to physically come to the courthouse to argue this matter (which would then result in the exposure of the very things she / he wishes to keep anonymous and would defeat the purposes of this motion and these fundamental Constitutional protections) (not to mention the fact that she / he is now prohibited from even entering the courthouse there on account of the fake Chinese virus).

Documents may be served via email.

Respectfully submitted,

Dated: August 24, 2020                             /s/
                                                                Jane / John Doe
                                                                *Pro se*

JOHN DOE'S ANSWER & OBJECTION - 10

## **CERTIFICATE OF SERVICE**

I certify that on August 24, 2020, a copy of this document was delivered to the US District Court Clerk's office by courier, which will automatically serve a Notice of Electronic Filing on the plaintiff Watch Tower organization.

I certify that plaintiff is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

_____/s/_____
Jane / John Doe
Pro se