**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Board of Regents, | No. CV-20-01638-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| John Doe, et al., | |
| Defendants. | |

On August 24, 2020, Defendant John Doe, who is proceeding *pro se*, filed an answer to Plaintiff Arizona Board of Regents' ("ABOR") complaint. (Doc. 13.) Doe also filed a motion to allow electronic filing by an unrepresented party. (Doc. 15.) For the following reasons, Doe's answer will be stricken, Doe's motion to allow electronic filing will be denied without prejudice, and Doe will be ordered to refile an appropriate answer. In addition, if Doe wishes to proceed under a pseudonym, he must file a reasoned motion for permission to do so.

I.  Answer

Doe's answer is filled with obscenities, inflammatory language, and insults directed toward ABOR and its counsel. (Doc. 13.) This is unacceptable.

"All persons involved in the judicial process—judges, litigants, witnesses, and court officers—owe a duty of courtesy to all other participants." *In re Snyder*, 472 U.S. 634, 647 (1985). It should go without saying that no participant in a judicial proceeding may address another participant with profanity-laced vitriol. *See, e.g.*, *Sager v. USAA Cas. Ins. Co.*,

2014 WL 12594137, *4 (C.D. Cal. 2014) ("[U]se of profanities to address opposing counsel" is "clearly" an action "subject to sanctions and far from the decorum demanded of litigants"); *Kyler v. Everson*, 442 F.3d 1251, 1253-54 (10th Cir. 2006) ("[A]ll litigants must demonstrate a level of civility in pleadings and proceedings that displays a basic understanding of and respect for the courts and the rule of law in this nation."). "Courts of justice are universally acknowledged to be vested, by their very creation, with the power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)).

For these reasons, Doe's answer will be stricken. *See also* Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own."); 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 12 at 338 (2020) ("Gratuitous name-calling and irrelevant attacks on the morals or character of the other party are, of course, properly stricken."). Doe must, by September 4, 2020, file an amended answer sans profanity and ad hominem attacks.

II.     Litigation Under A Pseudonym

Doe filed his answer under a pseudonym and, citing First Amendment concerns, indicated that he intends to continue litigating under a pseudonym. (Doc. 13 at 8-9.)

The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Thus, litigation under a pseudonym is allowed only in "special circumstances"—that is, the "unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68 (internal quotations marks and alterations omitted). This creates a "high bar for proceeding under a pseudonym." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015). *See also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names.

This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers.") (citation omitted).

Doe cited the First Amendment as the basis for his desire to litigate anonymously. Although First Amendment concerns may contribute to a party's need to proceed under a pseudonym, they are only one factor among many, and a party still must demonstrate those concerns outweigh the public's interest and the prejudice to the other party. *See, e.g.*, *Publius v. Boyer-Vine*, 321 F.R.D. 358, 361-366 (E.D. Cal. 2017). Additionally, Doe's status as a defendant may further complicate the analysis. *See, e.g., Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 837 (6th Cir. 2017) ("[A] plaintiff who obtains an ongoing remedy such as a permanent injunction will have a strong interest in unmasking an anonymous defendant."); Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?*, 37 Hastings L.J. 1, 85 (1985) ("[T]here is arguably a greater public interest in knowing the identity of defendants than of plaintiffs, because only defendants are accused of wrongdoing, and wrongdoers pose varying degrees of threat to the public."); Colleen Michuda, *Defendant Doe's Quest for Anonymity: Is the Hurdle Insurmountable?*, 29 Loy. U. Chi. L.J. 141, 150 (1997) ("Instances of defendant anonymity are rare except in two areas of the law: 1) suits involving both anonymous plaintiffs and defendants, such as divorce or child custody cases; and 2) suits where plaintiffs designate the defendant by a pseudonym because the defendant's true identity was unknown at the time the suit was filed.").

For these reasons, Doe's passing reference to the First Amendment in his now-stricken answer is insufficient to overcome the presumption against anonymity in court proceedings. If Doe wishes to maintain anonymity in this action, he must file "a well-reasoned motion to proceed anonymously." *K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011). Any such motion must be filed before or contemporaneously with Doe's amended answer if he wishes to file that pleading anonymously.

III.   Electronic Filing

Doe has also filed a motion to allow electronic filing. (Doc. 15.) Doe's participation

- 3 -

in this litigation thus far has not inspired confidence in his ability to comport himself appropriately. Accordingly, the motion will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Doe's answer (Doc. 13) be **stricken** from the record.

**IT IS FURTHER ORDERED** that Doe shall, by **September 4, 2020**, file an amended answer sans profanity and ad hominem attacks.

**IT IS FURTHER ORDERED** that Doe's motion to allow electronic filing (Doc. 15) is **denied without prejudice**.

Dated this 27th day of August, 2020.

Dominic W. Lanza
United States District Judge