**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail: glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Arizona Board of Regents,*
*for and on behalf of Arizona State University*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University,<br><br>Plaintiff,<br><br>v.<br><br>John Doe aka "asu_covid.parties," an individual, et al.<br><br>Defendants. | Case No. 2:20-CV-01638-DWL<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, Plaintiff Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University ("ASU"), files this Motion for Leave to Conduct Discovery requesting that the Court permit ASU to subpoena necessary third parties, including but not limited to Facebook, Inc., concerning the identity of the John Doe defendant Instagram account holder with the username "asu_covid.parties" and/or "asu_covid.parties2."  Although John Doe voluntarily appeared in this action on August 24, 2020, he or she failed to comply with the Court's Order [Doc# 16] to file an amended answer or to file a motion seeking to maintain anonymity.  The requested discovery is necessary for ASU to try to determine the identity of John Doe in order to obtain

complete and effective relief in this action, and extended delays could result in valuable information being lost.  This Motion is supported by the accompanying Memorandum of Facts and Law.

MEMORANDUM OF FACTS AND LAW

**MATERIAL FACTS**

As set forth in the Verified Complaint ASU previously filed in this case, defendant John Doe, whose true identity and location are currently unknown, created an Instagram account with the username "asu_covid.parties" and began using ASU's federally registered trademarks and school colors trade dress without ASU's authorization to advertise and promote a party he or she claimed would occur shortly after fall classes began.  The Verified Complaint asserts claims for trademark infringement, false designation of origin, false advertising, Arizona trademark dilution, and unfair competition against the John Doe defendant.  ASU needs discoverable information from Facebook and likely other third party service providers yet to be identified, in order to identify the account owner.

**LEGAL ARGUMENT**

Under normal circumstances, discovery cannot proceed until the parties have held their discovery conference pursuant to Fed. R. Civ. P. 26(f).  See Fed. R. Civ. P. 26(d)(1). However, a court may permit a party to obtain early discovery where there is good cause. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002). Good cause may be found where the need for the discovery, in consideration of the administration of justice, outweighs any prejudice to the responding party.  *Id*.  Here, ASU needs the "asu_covid.parties" Instagram account information, which is in the possession, custody and control of Facebook, in order to try to learn the identity of John Doe so that it can proceed with the case and obtain full and effective relief.  At this stage, ASU only seeks information that will assist to accomplish this purpose.  Specifically, ASU intends to serve a subpoena on Facebook, Inc., which owns and operates the Instagram platform, to seek

2

information and documents regarding all names, email addresses, phone numbers, related account information, and IP addresses associated with the creation and use of the "asu_covid.parties" and "asu_covid.parties2" Instagram accounts[1].  Depending upon the information Facebook is able to provide, ASU may also need to serve subpoenas on other third parties, such as Internet service providers, that are identified from the information obtained from Facebook.

Expedited discovery is generally allowed where the information sought is necessary to identify John Doe defendants so that a lawsuit can proceed.  See, e.g., *Patrick Collins, Inc. v. John Does 1 through 37*, 2012 WL 2872832 (E.D. Cal. 2012); *Arista Records LLC v. Does 1-43*, 2007 WL 4538697 (S.D. Cal. 2007).  In the present case, ASU has no practicable method of identifying the John Doe defendant other than obtaining whatever information Facebook may have that may assist in the identification.  Doe has already expressed an intent not to disclose his or her identity and has threatened to "f**k [ASU's counsel] up" and to litigate the case vexatiously.  *See, e.g.*, e-mails received from John Doe's pba-hater@protonmail.com e-mail address attached as Exhibit 1.

Expedited discovery does not prejudice John Doe because ASU seeks only the information necessary to identify the John Doe defendant for purposes of the lawsuit.  *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 at 5 (N.D. Cal. 2008).  As the Court observed in its August 27 Order, "the use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." [Doc# 16, p. 2 (*quoting Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)].  Although Doe has voluntarily appeared in this action by filing an answer on August 26, 2020, Doe failed to comply with this Court's Order [Doc# 16] requiring Doe to file and amended answer and has further declined the Court's invitation for Doe to file a motion seeking to proceed

---

[1] Shortly after Facebook disabled the asu_covid.parties Instagram account, John Doe created asu_covid.parties2.  Facebook has also disabled this account.

anonymously.  Moreover, Doe is admittedly "outrageously vexatious," and if allowed to remain anonymous, will undoubtedly continue to act in that manner.  *See* Exhibit 1. Accordingly, there is no prejudice to Doe by allowing ASU to conduct this discovery.

As the owner of Instagram, Facebook possesses the information of all users on its platform.  When registering for and creating an Instagram account, a user may provide an e-mail address, phone number, name, and/or Facebook account.  *See* Exhibit 2.  Furthermore, in accordance with its Data Policy, Facebook automatically collects copious information about its users while they are using its services, including Instagram, and connects the information about those user activities collected from the different Facebook Products and devices that user utilizes.  *See* Exhibit 3.  This information includes location and device information that is likely to assist in identifying the "asu_covid.parties" account holder.  *Id*. The information requested is readily accessible to Facebook.

Finally, the information is time sensitive in that evidence may be lost if ASU is not able to obtain it in the near future.  Internet service providers may not maintain their information indefinitely.  To the extent the information received from Facebook through a subpoena requires ASU to issue subpoenas to other service providers, the data currently being stored by those other service providers (who are likely unaware of this lawsuit) may no longer be available if ASU is forced to wait until after the Rule 26(f) conference.

Because ASU's expedited discovery request is necessary to identify the John Doe defendant in this case, and seeks only the information that will help it to do so, and that relevant information may be deleted by third parties prior to any Rule 26(f) conference occurring, the need for early discovery in this case is great, and there is no prejudice to the John Doe defendant.  Therefore, good cause exists.

## CONCLUSION

For these reasons, ASU respectfully requests that the Court grant its motion and enter an order allowing ASU to serve limited, early discovery in the form of third party subpoenas

on Facebook and any other third parties identified through the information received from Facebook seeking information that can be used to help identify John Doe, such as name(s), phone number(s), e-mail address(es), IP address(es), device information, payment card information, and other non-content information that reasonably can be used to identify the John Doe account holder.

RESPECTFULLY SUBMITTED this 18th day of September, 2020.

By      /s/ Sean D. Garrison
**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail:  glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail:  sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**Bacal Law Group, P.C., DBA**
**Bacal & Garrison Law Group**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona 85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Arizona Board of Regents,*
*for and on behalf of Arizona State University*

<u>CERTIFICATE OF FILING AND SERVICE</u>

I certify that on September 18, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the John Doe defendant at pba-hater@protonmail.com.

   /Sean D. Garrison/
Sean D. Garrison