**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail: glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Arizona Board of Regents,*
*for and on behalf of Arizona State University*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University,<br><br>Plaintiff,<br><br>v.<br><br>John Doe aka "asu_covid.parties," an individual, et al.<br><br>Defendants. | Case No. 2:20-CV-01638-DWL<br><br>**PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR SERVICE OF PROCESS** |

Pursuant to Fed. R. Civ. P. 4(m), and out of an abundance of caution, Plaintiff Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University, ("ASU") moves for an extension of time in which to serve defendant John Doe aka "asu_covid.parties" ("Defendant").  This case was filed on August 20, 2020, so to the extent the Rule 4(m) 90-day limit for service of process applies, ASU's deadline for service would be November 18, 2020.

As the Court correctly perceived in its November 10, 2020 Order (Doc# 26), ASU contends that Defendant has voluntarily appeared and thereby waived service of process and any objection to the Court's jurisdiction.  ASU is preparing and will soon file a renewed

motion for entry of default addressing this issue and the questions posed by the Court in its Order (Dec# 26).  It is unclear at this point in time whether the time limitation of Rule 4(m) even applies because ASU has not yet determined Defendant's physical location.  Thus, after considering ASU's renewed motion, if the Court determines that service of process is still required, because Defendant's physical location is currently unknown, it is unclear whether service would be effected under Rule 4(e) within a judicial district of the United States (in which case Rule 4(m) applies and an extension is required), or under Rule 4(f) in a foreign country (in which case Rule 4(m) does not apply).

When Defendant voluntarily filed the answer, Defendant provided no physical address and only an e-mail address.  (Doc# 13)  ASU issued a subpoena to Facebook, Inc. to obtain the contact information provided by Defendant when registering and using the asu_covid.parties and asu_covid.parties Instagram accounts.  *See* Declaration of Sean Garrison, attached as Exhibit 1.  According to the responsive documents received from Facebook, Defendant provided Facebook with no physical address but only e-mail addresses provided and assigned to Defendant by a Russian Internet company known as Mail.ru Group.  Id. at ¶ 2.  Since the filing of this action, Defendant has sent multiple threatening e-mail messages to undersigned counsel and claimed, among other things, that "each of the social media accounts were signed up using spoofed/fake/fraudulent information" and that "thanks to my new job, I live in a jurisdiction far, far away outside the bounds of U.S. law."  Id. at ¶ 3.  Thus, if Doe is to be believed and is located outside of the U.S., the 90-day limitation in Rule 4(m) does not apply.  Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f). . . .")

Nevertheless, in an abundance of caution, ASU seeks this extension in the event that Defendant is in fact located within the United States, and the Court determines that service must be effected under Rule 4(e).  Although ASU believes it will convince the Court that an entry of default against Doe is proper based upon Doe's voluntary appearance, additional

time to conduct third party discovery would be necessary in order to try to determine Defendant's location if the Court were to deny ASU's renewed motion for entry of default. To date, Defendant has intentionally shielded his/her true identity and location, and although ASU has made reasonable efforts to try to locate Defendant, it has not yet been able to do so. As such, good cause for an extension of time exists in these circumstances.

ASU respectfully requests that the Court order an extension of time to serve the complaint, pursuant to Rule 4(m) for an additional 90 days.

RESPECTFULLY SUBMITTED this 17th day of November 2020.

By     /s/Sean Garrison
**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail:  glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail:  sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona 85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Arizona Board of Regents, for and on behalf of Arizona State University*

CERTIFICATE OF FILING AND SERVICE

I certify that on November 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the John Doe defendant at pba-hater@protonmail.com.

   /Sean D. Garrison/
Sean D. Garrison