**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail: glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona  85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Arizona Board of Regents,*
*for and on behalf of Arizona State University*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University,<br><br>Plaintiff,<br><br>v.<br><br>John Doe aka "asu_covid.parties," an individual, et al.<br><br>Defendants. | Case No. 2:20-CV-01638-DWL<br><br>**PLAINTIFF'S RENEWED APPLICATION FOR ENTRY OF DEFAULT OR, IN THE ALTERNATIVE, MOTION TO PERMIT ALTERNATE SERVICE VIA E-MAIL** |

Pursuant to Fed. R. Civ. P. 55(a), and the Court's November 10, 2020 Order (Doc# 26), Plaintiff Arizona Board of Regents, a body corporate, for and on behalf of Arizona State University, ("ASU") hereby renews its application for entry of default against defendant John Doe aka "asu_covid.parties" ("Defendant") based upon Defendant's voluntary appearance in this case and failure to answer or otherwise defend against the complaint.  In doing so, ASU addresses the questions raised by the Court in its November 10 Order.  In the alternative, if the Court declines to enter default against Defendant and determines that ASU must formally serve the summons and complaint, ASU moves for an order permitting service by e-mail pursuant to Fed. R. Civ. P. 4(f)(3).

MEMORANDUM IN SUPPORT

In its November 10 Order, the Court correctly noted that ASU seeks entry of default on the grounds that Defendant has voluntarily appeared, thus submitting to the Court's jurisdiction, and has failed to adequately plead or defend as ordered to do by the Court. The Court has posed two questions: (1) Whether it is legally permissible to enter a default judgment against a Doe defendant, and (2) Whether the filing of the answer and motions (Doc# 13-15) can properly be attributed to the Defendant and thus constitute a voluntary appearance that waives service of process. The answer to both questions is "yes."

**A. Because the Court has both jurisdiction over the subject matter and personal jurisdiction over the Defendant, it has the authority to grant a default judgment.**

A court has authority to render judgment in an action when the court has jurisdiction of the subject matter of the action and the party against whom judgment is to be rendered has submitted to the jurisdiction of the court. *Restatement (Second) of Judgments* § 1 (1982); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.") Because this case is before the Court on a federal question, subject matter jurisdiction exists. The Court also has personal jurisdiction over Defendant.

"[S]ervice is not a prerequisite to jurisdiction. A party named in the complaint may voluntarily submit to the jurisdiction of the court." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985); *DePrins v. Clark*, 566 F. App'x 608, 610 (9th Cir. 2014) ("a party waives service of process when it files an answer to the complaint"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction"); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an

answer"); *Thomas v. Fed. Home Loan Mortg. Corp.*, 2010 WL 11595170, at *1 (D. Nev. May 12, 2010) ("The voluntary appearance in a matter waives the requirement for personal service").

Defendant voluntarily appeared in this case on August 24, 2020 by filing the initial Answer and Objection to TRO & Injunction and related motions. *See* Doc# 13-15. Defendant did not object to lack of service or to the personal jurisdiction of this Court in any of its filings. *Id*. To the contrary, Defendant admitted the Court's jurisdiction by failing to deny the relevant factual allegation in the answer and waived the defense of lack of personal jurisdiction by failing to assert that defense. *See* Fed. R. Civ. P. 8(b)(6) and 12(h). Furthermore, Defendant demanded a jury trial and agreed that "Documents may be served by e-mail," and provided an e-mail address pba-hater@protonmail.com for that purpose. Doc# 13, pp. 9-10; Doc# 14. Apart from the court filings, contemporaneous e-mail correspondence received from Defendant demonstrates not only Defendant's expressed intention to defend the suit, but also to defend in a vexatious manner. *See* Defendant's e-mails at Doc# 22. Even after the initial filings, Defendant continued to correspond with undersigned counsel regarding the discovery subpoena later served on Facebook. *See* Defendant's e-mail at Doc# 27-1, p. 4. These facts demonstrate that Defendant has made a voluntary appearance in this action and is therefore subject to the Court's personal jurisdiction despite not being served.[1]

Once jurisdiction has attached, the Court has discretion to enter a default judgment in the appropriate circumstances – even against Doe defendants. *See, e.g., Chen Lunxi v. Doe,* 2020 WL 2026333 (E.D. Va. Mar. 27, 2020), *report and recommendation adopted at* 2020 WL 1984720 (entering default judgment against Doe defendant); *Malibu Media, LLC v. Doe*,

---

[1] As the Ninth Circuit has recognized, "[a]n appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Benny*, 799 F.2d at 492 (quoting from 28 Fed.Proc. (L.Ed.) § 65.137 at 526 (1984)).

2020 WL 134112 (E. D. Mich. Jan. 13, 2020) (same); *Wilens v. Doe Defendant No. 1,* 2015 WL 4606238 (N.D. Cal. Jul. 15, 2015), *report and recommendation adopted at* 2015 WL 5542529 (N.D. Cal. Sept. 18, 2015) (same); *Joe Hand Promotions, Inc. v. Rivera*, 2002 WL 1677699 (W.D.N.Y. Jul 11, 2002) (same). The Court, in its discretion, has the legal authority to enter default judgment against Defendant.

**B. The filings (Doc# 13-15) are properly attributed to Defendant.**

Regarding the Court's second question as to whether the filings (Doc# 13-15) can be attributed to Defendant, the answer is again "yes." The renowned poet Maya Angelou said, "When someone shows you who they are, believe them the first time."

On August 24, 2020, Defendant filed not only an answer but a motion to allow electronic filing without an attorney in which Defendant expressly declared "I am the Defendant representing myself in this action…" Doc#15, p. 1. The documents Defendant filed with the Court plainly show Defendant's knowledge of the underlying facts and intention to mount a defense. Furthermore, in e-mail correspondence with undersigned counsel, received from the e-mail address identified in these documents, Defendant admitted to creating the Instagram accounts at issue and bragged that "it would be futile for you guys to track me down via Instagram" because the accounts were created using fake information and accessed via TOR and open WiFi networks. Doc# 22, p. 2 and 27-1, p. 4. This is consistent with the information obtained from Facebook pursuant to Plaintiff's subpoena concerning the e-mail accounts and IP addresses used to register and access the asu_covid.parties and asu_covid.parties2 accounts. *See* Exhibit 1, Declaration of Sean Garrison, attached hereto ("Garrison Decl."). Defendant would not know these facts if Defendant was not the one who registered and used the accounts. In the filings and e-mail correspondence with undersigned counsel, Defendant has shown ASU and the Court who they are. There is no reason not to believe them, and the documents previously filed with the Court are properly associated with and attributed to Defendant.

**C. Plaintiff renews its application for entry of default**

By Order dated August 27, 2020, the Court struck Defendant's original answer and ordered Defendant "to refile an appropriate answer." See Doc# 16, p.1.  The Court gave Defendant until September 4, 2020 by which to do so. *Id*. at 4.  At no time since, has Defendant filed any answer or other responsive pleading or motion under Rule 12 of the Federal Rules of Civil Procedure.  Having voluntarily submitted to the Court's jurisdiction and having failed to answer or otherwise file any proper responsive pleading or motion by the date ordered by the Court, Defendant is now in default.  Accordingly, ASU respectfully requests the Court to enter Defendant's default in accordance with Rule 55(a).

**D. Plaintiff's Motion, in the alternative, to permit service by e-mail.**

Despite the foregoing evidence in favor of entering default against Defendant, if the Court is not persuaded to enter default against Defendant at this point in time, Plaintiff respectfully moves the Court for an order, pursuant to Rule 4(f), permitting the alternative means of serving of the summons and complaint by e-mail.

Where, as here, the defendant has purposely and actively taken steps to conceal his or her identity and whereabouts but has provided an e-mail address as a means for communicating, alternative service by e-mail is appropriate.  *See Wilens,* 2015 WL 4606238 at *5-*6 (e-mail service authorized where Doe defendant used anonymizing tools to conceal his identity but emails provided a means of communicating with him).   Indeed, the Ninth Circuit has found that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (affirming the district court's order permitting service by e-mail on an international defendant for which no physical address for service in the U.S. or abroad had been discovered).

In an attempt to ascertain the identity and location of Defendant, Plaintiff initially served a subpoena on Facebook seeking such information. *See* Doc# 21, 22 and 24.  Prior to the subpoena, Defendant had written to undersigned counsel, using the e-mail address Defendant provided in their initial filings (pba-hater@protonmail.com), asserting that "it would be futile . . . to track me down via Instagram" because of the steps Defendant had taken to shield his/her identity and location.  Doc# 22, p. 2.  Upon receiving notice of the subpoena on Facebook, Defendant e-mailed undersigned counsel again to reiterate that the accounts were created using fake information.  Doc# 27-1, p. 4.  The documents produced by Facebook revealed that the IP addresses used to access the accounts are all associated with internet service providers in various countries outside the United States (Australia, Canada, Taiwan, Russia, and Ukraine).  *See* Garrison Decl., ¶¶ 4-5.  These internet service providers are known to provide anonymizing virtual private network (VPN) and/or proxy server services designed to shield the user's true location.  *Id.* ¶ 6.  Each of these IP addresses have been designated as a high fraud risk by Scamalytics, a company which offers an online tool for assessing the potential fraud risk associated with traffic from a designated IP address.  *Id*.  As a result, the documents produced by Facebook reveal no geographic location of Defendant, and Defendant provided no physical address to Facebook when creating the infringing Instagram accounts.[2]  *Id*., Exhibit A.  Likewise, Defendant provided no physical address in the prior filings made with the Court.  As a result, Plaintiff has no way of determining to any degree of certainty where Defendant is located.  However, in Defendant's most recent e-mail to undersigned counsel, Defendant claimed to "live in a jurisdiction far, far away outside the bounds of U.S. law."  The only IP addresses identified as having accessed the Instagram accounts are owned by entities located outside the United States, and the e-mail addresses used in connection with the registration of the infringing Instagram

---

[2] In fact, Facebook does not require or even request a physical address when registering for an Instagram account.

accounts are associated with a Russian e-mail service provider. As such, the evidence suggests that Defendant is located outside the United States, and because Defendant has acted deliberately to hide his or her physical location, the only means of effecting service of process is by e-mail.

Pursuant to Rule 4(f)(3), an individual may be served by any "means not prohibited by international agreement, as the court orders." The Ninth Circuit has held that Rule 4(f)(3) stands on equal footing with all other means provided under the Rule. *Rio Properties*, 284 F.3d at 1016. A party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief. Instead, [it] needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id*. Service by e-mail does not violate any international agreement in these circumstances, where the Hague Convention does not apply, Plaintiff has attempted to discover the defendant's location, and Defendant's location is unknown. *See Avvo Inc. v. Chang Liang*, 2016 WL 8739200, at *1 (D. Ariz. Apr. 6, 2016). In addition, to satisfy due process, the requested means of alternate service must only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016.

Here, Defendant is already apprised of the pendency of the case, as evidenced by the prior filings and e-mail correspondence with Plaintiff's counsel. Defendant has provided an e-mail address (pba-hater@protonmail.com), filed a request for electronic noticing at this e-mail address (Doc# 14), and expressly agreed that "Documents may be served via e-mail." Doc#13, p. 10. Defendant also filed a motion for permission to file documents electronically without an attorney in which Defendant expressly represented, "I have used ECF filing many, many times before and know how it works." Doc# 15, p. 2. There can be no question that if the Court is to require formal service, notwithstanding Defendant's prior voluntary appearance, service upon the e-mail address Defendant has provided for service of

documents and from which Defendant has previously corresponded with Plaintiff's counsel will satisfy due process in this case. To be thorough, and despite its belief that the e-mail addresses identified in the documents produced by Facebook pursuant to the subpoena are fake or spoofed accounts, Plaintiff will also serve the summons and complaint via e-mail to these addresses if the Court so orders. In any event, given the circumstances of this case, service of process by e-mail is the only means of available service on Defendant and complies both with Rule 4(f)(3) and due process. *See Rio Properties*, 284 F.3d at 1018. Therefore, if the Court declines to enter default against Defendant at this time, it should permit ASU to serve the summons and complaint by e-mail.

## CONCLUSION

Based upon the evidence presented, Plaintiff requests the Court to find (i) Defendant has voluntarily appeared in this action, making formal service of process unnecessary in the circumstances, (ii) Defendant has failed to answer or other defend Plaintiff's complaint, and (iii) default should be entered against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Defendant further requests that the Court enter Defendant's default accordingly.

If, however, the Court concludes that the prior court filings and correspondence with Plaintiff's counsel are insufficient to constitute a voluntary appearance, such that Plaintiff must still serve Defendant with the summons and complaint, Plaintiff respectfully requests that the Court order service by alternate means in the form of an e-mail to the e-mail address on record for Defendant, namely, pba-hater@protonmail.com.

RESPECTFULLY SUBMITTED this 17th day of December 2020.

By /s/Sean Garrison
**Glenn S. Bacal** (AZ Bar No. 006812)
E-mail: glenn.bacal@bacalgroup.com
**Sean D. Garrison** (AZ Bar No. 014436)

8

E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona 85251
Fax: (480) 245-6231

*Attorneys for Plaintiff Arizona Board of Regents,*
*for and on behalf of Arizona State University*

CERTIFICATE OF FILING AND SERVICE

I certify that on December 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the John Doe defendant at pba-hater@protonmail.com.

       /Sean D. Garrison/
Sean D. Garrison