**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIZONA BOARD OF REGENTS, a body corporate, for and on behalf of: on behalf of Arizona State University,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>JOHN DOE, AKA asu_covid.parties, an individual,<br><br>        Defendant-Appellee,<br><br> and<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>        Defendant. | No.   21-16525<br><br>D.C. No. 2:20-cv-01638-DWL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted April 15, 2022
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and Y. GONZALEZ ROGERS,** District Judge.

---

    \*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The Honorable Yvonne Gonzalez Rogers, United States District Judge

Plaintiff-Appellant Arizona Board of Regents ("ABR") appeals the district court's order denying ABR's motion for default judgment and dismissal of its complaint. ABR's appeal raises six issues, namely whether the district court erred by: (1) dismissing sua sponte its complaint without leave to amend and without providing prior notice; (2) dismissing its Lanham Act and state law unfair competition claims under Rule 12(b)(6); (3) refusing to apply the doctrine of initial interest confusion; (4) dismissing its false advertising claim; (5) refusing to rule on its state law dilution claim; and (6) denying its motion for default judgment. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. After a review of the record, oral argument, and relevant case law, we affirm the district court's order on all grounds.

"We review de novo a district court's dismissal of [a complaint] for failure to state a claim under Rule 12(b)(6)." *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021). Questions involving the application of legal principles to established facts are also reviewed de novo. *Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016).

However, a district court's determination of likelihood of confusion is reviewed for clear error. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014). The denial of a motion for default judgment as well as the

for the Northern District of California, sitting by designation.

decision whether to retain jurisdiction over supplemental claims when the original federal claims are dismissed are reviewed for abuse of discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980); *Lima v. United States Dep't of Educ.*, 947 F.3d 1122, 1125, 1128 (9th Cir. 2020).

1.  The district court did not err by dismissing ABR's complaint sua sponte without leave to amend and without providing notice because amendment would have been futile. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981). With respect to all of ABR's claims, amendment would have been futile given the implausibility of the allegations and of a finding of likelihood of confusion. Of Doe's eighteen posts included on the Instagram page, only one post included the use of ABR's mark and trade dress. That one post contained profanity and a reasonable consumer would not think that a university would use such language when addressing the public. Reviewing the posts in their totality does not change the result, but rather reaffirms it.

Additionally, amendment would have also been futile given the non-commercial nature of Doe's activities. The Lanham Act was enacted to be applied in the commercial context, thus "infringement claims are subject to a commercial use requirement." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). Here, the record does not support the conclusion that Doe used ABR's marks for the sale of goods or services. Rather, the record shows that Doe used the

3

marks to criticize and mock ABR and ABR's policies and administration. While some of the initial posts did refer to a future party, none of those posts contained references to a particular party nor did they mention a specific date, time, cost, or any other details about any party. The mere reference that Doe was a "party planner" is only one factor for consideration. Because ABR's claims require a showing of likelihood of confusion and/or commercial use, the district court did not err in dismissing ABR's complaint sua sponte.[1]

2. The district court did not err in dismissing ABR's trademark infringement, false designation of origin, and unfair competition claims after finding that there was no likelihood of confusion. Given the flexibility in application of the *Sleekcraft* factors, application of certain factors over others does not constitute clear error. *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012). The district court conducted its likelihood of confusion

---

[1] ABR's appeal also implicates several First Amendment considerations worth noting. Even assuming Doe's posts were commercial in nature, this Court has recognized and adopted the *Rogers* test, which protects expressive uses of trademarks from Lanham Act liability. *See Mattel v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002). Doe's Instagram posts appear to constitute expressive work under *Rogers* as the posts communicated messages that mocked ABR's policies and administration. To the extent ABR's appeal attempts to improperly use trademark laws to block the expression of negative views about the university and its administration, such efforts fail.

analysis by looking at the full context of Doe's Instagram posts and by expressly evaluating some of the *Sleekcraft* factors. The court's analysis included a review of the surrounding posts, comments, and the context in which the posts were made. Only after conducting this review, and analyzing some of the *Sleekcraft* factors, did the district court find that there was no likelihood of confusion. We find that the district court properly applied the factors and did not abuse its discretion.

3. Similarly, the district court did not err by refusing to apply the initial interest confusion doctrine, which also requires a finding of likelihood of confusion. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1149 (9th Cir. 2011).

4. The district court did not err in its analysis of ABR's false advertising claim. Contrary to ABR's assertion, the district court analyzed the claim, finding that a prudent consumer would not be confused or deceived by the posts included on Doe's Instagram. This necessarily includes the post regarding the alleged collaboration with Teva Pharmaceuticals. The district court's failure to quote the factual allegations verbatim does not constitute error. Thus, we affirm the district court's order dismissing ABR's false advertising claim since the claim also requires a showing of deceit or likelihood of deceit. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc*, 758 F.3d 1069, 1071 (9th Cir. 2014), *as amended* (Mar. 11, 2014).

5

5.      The district court did not err in declining to decide ABR's Arizona state law dilution claim once the court dismissed all of the claims over which it had original jurisdiction. Contrary to ABR's contention, 28 U.S.C. § 1338(b) does not confer district courts with original jurisdiction over state law dilution claims. Rather, the statute provides "original jurisdiction of any civil action asserting a claim of unfair competition . . . ." 28 U.S.C. § 1338(b). The statute provides supplemental jurisdiction over state law dilution claims. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1362 (9th Cir. 1985). Accordingly, the district court properly exercised its discretion in deciding not to exercise supplemental jurisdiction over the state law dilution claim after dismissing all federal claims. *Id; see also* 28 U.S.C. § 1367(c)(3).

That the district court decided ABR's state law unfair competition claim but did not decide its state law dilution claim was not an abuse of discretion. As explained above, under 28 U.S.C. § 1338(b), the court had original jurisdiction over ABR's unfair competition claim and properly resolved that claim. An unfair competition claim and a state dilution claim are distinct. Given that the dilution claim required additional analysis, the district court did not err in declining to exercise supplemental jurisdiction over ABR's dilution claim.

6.      The district court did not err in denying ABR's motion for default judgment as the complaint lacked merit as to the substantive claims and was

6

insufficient. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *Aldabe*, 616 F.2d at 1092–93.

**AFFIRMED**.